**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____DaiQuana Coles_____

_____

_____
Name(s) of Plaintiff or Plaintiffs

-vs-

_____Ana Suro, Rochester Public Library____

_____Emily G. Walsh, City of Rochester_____

_____
Name of Defendant or Defendants

Jury Trial Demanded: Yes __X__ No____

**DISCRIMINATION COMPLAINT**

__22__-CV-__6407__

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

    **NOTE:** In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

    **NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

___X___ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

    **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

   __X__   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1. My address is: 146 Milford St Apt B2
   Greece, NY 14615

   My telephone number is: 585-738-7783

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: Ana Suro, Rochester Public Library

   Number of employees: 350

   Address: 115 South Avenue
   Rochester, NY 14604

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: Emily G. Walsh, City of Rochester

   Address: 30 Church St
   Rochester, NY 14614

## CLAIMS

4. I was first employed by the defendant on (date): February 21, 2022

2

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: April 8, 2022

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): April 9-14, 2022   April 20, 2022   May 10-11, 2022   May 17-24, 2022
June 16, 2022

7. I believe that the defendant(s)

    a. _____ Are still committing these acts against me.
    b. __X__ Are not still committing these acts against me.
    (Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) June 16, 2022

    _____

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

    The date when I filed a complaint with the New York State Division of Human Rights is

    _____

    _ (estimate the date, if necessary)

    I filed that complaint in (identify the city and state): _____

    The Complaint Number was: _____

9. The New York State Human Rights Commission did _____ /did not _____ issue a decision.  (**NOTE:**  If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: June 1, 2022

11. The Equal Employment Opportunity Commission did __X__ /did not _____ issue a decision.  (**NOTE:**  If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: September 18, 2022 .  (**NOTE:**  If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application process

    b. _____ Failure to employ me

    c. \_\_X\_\_\_\_ Termination of my employment

    d. _____ Failure to promote me

    e. _____ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. \_\_X\_\_\_\_ Retaliation because I complained about discrimination or harassment directed toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed toward others

    j. \_\_X\_\_\_\_ Other actions (please describe) __Defendants decreased final pay of Plaintiff__

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. _____ Race

    b. _____ Color

    c. _____ Sex

    d. _____ Religion

    e. _____ National Origin

    f. _____ Sexual Harassment

    g. _____ Age
    _____ Date of birth

    h. \_\_X\_\_ Disability
    Are you incorrectly perceived as being disabled by your employer?
    \_\_\_ yes \_X\_ no

15. I believe that I was \_\_X\_\_/was not \_\_\_\_\_ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _____ is not/are not __X__ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: __June 16, 2022__ and why the defendant(s) stopped committing these acts against you: __Plaintiff was terminated and final paycheck released__

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    __X__ **has** issued a Right to sue letter, which I received on __September 18, 2022__

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

    Plaintiff was an employee of the City of Rochester at the Rochester Public Library.
    Defendant Suro is the head of Human Resources at the Rochester Public Library.
    Defendant Walsh is an employee of the City of Rochester, in the Human Resources Department.
    1. On or around March 25, 2022 Plaintiff met with Defendant Suro and disclosed her disability, stating that she was having difficulty staying awake because of her disability. Plaintiff assured Defendant Suro that she would continue to find ways to stay awake as she did not want to lose her employment. Defendant Suro assured Plaintiff that her job was safe.
    2. On or Around April 8, 2022 Plaintiff was granted a meeting with Defendant Suro, Erice Cotton (Supervisor), and Margaret Chatterton (Union Representative) to discuss employee behavior towards her. At that meeting Defendant Suro presented Plaintiff with alternative, lower paying employment positions stating that due to Plaintiff's disability, she should "consider whether her current position was a good fit".
    3. Throughout April 8-13, 2022 Plaintiff faced harassment and pressure from supervisors and coworkers to take the offered positions in order to avoid confrontation with Defendant Suro. Statements such as "You don't want her to think you don't like her." and "You don't want her to think that she is the problem." were used.

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on __March 25, 2022__

5

22. The date on which I first asked my employer for reasonable accommodation of my disability is _____

  _____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____
_____
_____

  _____

24. The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 9/26/22             _DaiQuana Cobb_____

Plaintiff's Signature

6

4. Plaintiff requested a meeting with Defendant Suro to provide her answer which was never granted. Plaintiff also sent multiple follow up emails regarding the harassment and discomfort felt at work that never received a response. Plaintiff suffered anxiety, worry, and fear about the harassment she faced and was unable to return to work.

5. On or around April 14, 2022 Plaintiff met with Defendant Walsh at 30 Church St to file a verbal complaint of discrimination. Defendant Walsh wrote down the complaint, received a copy of the email thread, and told Plaintiff that she would contact Defendant Suro and call with updates.

6. On or around April 20, 2022 Plaintiff received a call from Defendant Walsh stating that nothing could be done to help and that despite her anxiety, Plaintiff would need to return to work. Defendant Walsh also emailed Plaintiff a Reasonable Accommodations form and told her she needed to fill it out.

7. On or around April 21, 2022 Plaintiff sent an excuse from work to her supervisor who responded that the letter was received. On or around May 10, 2022 Plaintiff received a letter stating that if she did not return to work by May 11, 2022 she would be deemed to have quit.

8. On May 11, 2022 Plaintiff spoke to Defendant Suro at 115 South Avenue at which point she asked why Defendant Suro never responded to the emails sent. Defendant Suro replied "Because you went to HR" and refused to speak with Plaintiff further without the union representative present.

9. On May 11, 2022 after speaking with Defendant Suro, Plaintiff spoke with Defendant Walsh at 30 Church Street. While Plaintiff verbally gave her complaint Defendant Walsh did not take notes and only inquired about topics relevant to Defendant Suro. Defendant Walsh asked questions such as, "What did she say?", when Plaintiff stated that she inquired about the lack of email response, and "Do you think she did it on purpose?", referring to the discrimination towards Plaintiff.

10. On May 17, 2022 Plaintiff was made aware of her termination through loss of access to employee email accounts. The same day Plaintiff received a notice of missed mail.

11. On or around May 20-27, 2022 Plaintiff visited the United States Post Office located at 1280 Lexington Avenue on two separate occasions to retrieve their mail and both times Plaintiff was informed that the letter was lost. On May 27, 2022 Plaintiff was called to return to the post office to retrieve the letter that was notice of her termination.

12. On June 16, 2022 Plaintiff received notice of final pay where she noticed that she was paid for 12 hours, instead of two weeks (52 hours) as stated in her termination letter.

## Complaints

13. Defendant Suro discriminated against Plaintiff when she offered alternative job positions for no reason other than Plaintiffs disability and by not following proper ADA policies and procedures regarding job reassignment and reasonable accommodations.

14. Defendant Suro retaliated against Plaintiff after she complained of discrimination by refusing to respond to emails sent by Plaintiff requesting remedy. Defendant Suro further retaliated against Plaintiff when Plaintiff was terminated from employment and provided less termination pay than Plaintiff was entitled to.

16. Defendant Walsh was negligent in her duties to investigate claims of discrimination and further retaliated against Plaintiff by refusing to assist with complaints. Defendant Walsh also failed to follow proper ADA procedures and policies regarding reasonable accommodations.

17. As a direct and proximate result of the Defendants' unlawful discriminatory and retaliatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, stress and anxiety, loss of self-esteem and self-confidence. These symptoms lead to multiple hospitalizations that resulted in further emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

18. As a direct and proximate result of the Defendants' unlawful discriminatory and retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

- A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment.
- B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries.
- C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment.

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest.
E. An award of punitive damages.
F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law.
G. Such other and further relief as the Court may deem just and proper.