UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| DAIQUANA COLES, | | **ANSWER** |
| | Plaintiff, | |
| - against - | | Case no: 22-cv-6407 (EAW) |
| ANA SURO, EMILY WALSH, | | <u>Jury Trial Demanded</u> |
| | Defendants. | |

---

Defendants Ana Suro and Emily Walsh, by their attorneys, City of Rochester Corporation Counsel Linda Kingsley and Peachie L. Jones, Esq., Of Counsel, hereby answer the Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff Coles was an employee of the Rochester Public Library ("Library").

2. Defendants admit that Defendant Suro was the Director of Human Resources at the Library during the relevant time period.

3. Defendants deny the allegations in paragraph 1, except admit that Plaintiff Coles informed Ms. Suro in late March 20232 that Plaintiff had autism.

4. Defendants deny the allegations in paragraph 2, except admit that Plaintiff Coles, Security Supervisor Erice Cotton, Union Representative Margaret Chatterton, and Defendant Suro met on April 8, 2022 to discuss an employee taking a picture of Plaintiff Coles at work without Plaintiff's consent, and that a City or Library employee suggested Plaintiff Coles consider other roles if her current one was not a good fit.

5. Defendants deny the allegations in paragraph 3.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admit that Plaintiff Coles requested another meeting with

Defendant Suro on/around April 11, 2022.

7. Regarding paragraph 5, Defendants admit that Plaintiff Coles and Defendant Walsh met in mid-April 2022 to discuss Plaintiff's concerns, and that after the meeting, Ms. Walsh committed to contact Ms. Suro and follow-up with Plaintiff Coles.

8. Regarding paragraph 6, Defendants admit Defendant Walsh provided a Reasonable Accommodation form to Plaintiff Coles and explained that the City of Rochester ("City") needed the information in order to assess accommodations, and that the Library could not grant Plaintiff Coles' request to transfer to another location within the Library.

9. In paragraph 7, Defendants admit that [a] on April 21, 2022, Plaintiff Coles sent a doctor's note that excused Plaintiff from work on April 21 and April 22, and [b] that the Library Director mailed a letter on/around May 3, 2022 [i] that asked that Plaintiff Coles either provide additional medical documentation or return to work on May 11, 2022, and [ii] if Plaintiff declined both options, the Library would consider Plaintiff Coles to have resigned.

10. Defendants deny the allegations in paragraph 8, except admit that after Plaintiff Coles and Defendant Suro spoke for several minutes on May 11, 2022, Defendant Suro stated the conversation must stop unless and until Union representation was present.

11. Defendants deny the allegations in paragraph 8, except admit that Plaintiff Coles and Defendant Walsh spoke on May 11, 2022.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 and 11.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admit the termination letter stated she would receive two weeks' pay instead of two weeks written notice of her discharge.

14. Defendants deny the allegations in paragraphs 13 and 14.

15. Plaintiff Coles did not include a paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 17 and 18.

18. Defendants deny any other allegation not specifically admitted herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

19. The Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

20. Plaintiff is not an individual with a disability under the NYS Human Rights Law or the Americans with Disabilities Act.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

21. Defendants Ana Suro and Emily Walsh are not eligible to be sued under the Americans with Disabilities Act.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

22. The acts or omissions of the Defendants were not the proximate cause of Plaintiff's alleged injuries or damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

23. Plaintiff did not establish a prima facie case of discrimination.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

24. Plaintiff failed to mitigate her damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

25. Defendants had legitimate, non-discriminatory reasons for their actions.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

26. Plaintiff is unable to perform the essential functions of the position with or without an accommodation.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:**

27. Plaintiff declined to request an accommodation and refused to engage in the interactive process.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of this action, and such other and further relief which the Court deems just and proper.

Date:   June 5, 2023                           LINDA KINGSLEY
                                               CORPORATION COUNSEL

                                               _/s/ Peachie L. Jones_____
                                               Peachie L. Jones, Of Counsel
                                               30 Church St., Room 400A
                                               Rochester, NY 14614
                                               (585) 428-7992
                                               Peachie.Jones@CityofRochester.gov

To:   DaiQuana Coles   (via USSPS)
      146 Milford Street, #B2
      Rochester, NY 14615