UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAIQUANA COLES,

                              Plaintiff,

          v.

ANA SURO, et al.,

                              Defendants.
_____

**DECISION & ORDER**

22-CV-6407EAW

        Plaintiff DaiQuana Coles filed this action *pro se* against defendants Ana Suro and Emily G. Walsh pursuant to the Americans with Disability Act of 1990, 42 U.S.C. §§ 12112, *et seq.* and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. (Docket # 1). Currently pending before this Court are Coles's motions for appointment of counsel and to amend her complaint to join two additional defendants. (Docket ## 11, 13). Neither motion is opposed by defendants.

I.      **Motion to Amend the Complaint**

        Coles seeks leave to amend the complaint to add two additional defendants, the City of Rochester and the Rochester Public Library. (Docket # 13). Rule 15(a) of the Local Rules of Civil Procedure requires that a movant seeking to amend or supplement a pleading "attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." W.D.N.Y. Local Rule 15(a). Coles's motion is deficient in that it is unaccompanied by a copy of her proposed amended complaint, which is necessary for defendants and this Court to evaluate her proposed amendments. For these reasons, her motion to amend is denied without prejudice.

Any renewed motion must be filed on or before November 17, 2023 and be accompanied by a copy of the proposed new pleading, which should encompass all of the claims Coles wishes to assert against all of the current and proposed defendants and all of the allegations she wishes to include in support of those claims. Coles is cautioned that only the allegations contained in that amended complaint will be considered.

II.     **Motion to Appoint Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning her claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that limited scope appointment of counsel is warranted at this time. As stated above, it appears that Coles wishes to amend her complaint to add additional defendants, and assistance of counsel would assist her ability to comply with the applicable procedural rules in seeking leave of the Court to do so. Additionally, the docket reflects that the parties are currently participating in mediation of this matter, which is scheduled to continue on November 3, 2023. (Docket # 15).

On this record, plaintiff's request for the appointment of counsel **(Docket # 11)** is **GRANTED in part**, at this time. The Court hereby authorizes the appointment of pro bono counsel pursuant to Rule 83.8 of the Local Rules of Civil Procedure for the Western District of New York, to represent the plaintiff for the limited purpose of preparing an amended complaint and participating in the mediation session scheduled for **November 3, 2023**. Any renewed

3

motion to amend the complaint must be filed on or before **November 17, 2023**. The Court hereby directs that the Pro Bono Program Administrator begin the process for limited scope appointment of pro bono counsel.

## CONCLUSION

For the reasons discussed above, Coles's motion for joinder **(Docket # 13)** is **DENIED without prejudice to renewal on or before November 17, 2023**, and her motion for appointment of counsel **(Docket # 11)** is **GRANTED in part**.

**IT IS SO ORDERED.**

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       September 28, 2023