UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAIQUANA COLES,

                       Plaintiff,

      v.

CITY OF ROCHESTER,[1] et al.,

                       Defendants.
_____

**DECISION & ORDER**

22-CV-6407EAW

        Plaintiff DaiQuana Coles filed this action *pro se* against defendants City of Rochester and the Rochester Public Library pursuant to the Americans with Disability Act of 1990, 42 U.S.C. §§ 12112, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the City of Rochester Human Rights Law. (Docket ## 1, 25). Currently pending before this Court is Coles's motion for appointment of counsel and defendants' motions to compel and to extend the scheduling order. (Docket ## 30, 34, 37). For the reasons discussed below, Coles's motion for appointment of counsel is denied, and defendants' motions to compel and to extend the scheduling order are granted.

**I.**      <u>**Motion to Appoint Counsel**</u>

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

---

[1] By Stipulation and Order dated January 29, 2024, the Amended Complaint became the operative complaint in this matter. (Docket # 27). The Clerk of the Court is directed to amend the caption of this case to reflect the parties named in the Amended Complaint.

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning [her] claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This Court previously appointed *pro bono* counsel to Coles for the limited purpose of assisting her to amend her complaint and participate in mediation. (Docket ## 23, 24, 29). Coles now maintains that full-scope appointment of counsel is warranted due to her limited financial resources, as well as her disabilities. (Docket # 30). The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not warranted at this time. At this time it is unclear whether Coles's claims likely have merit, the legal issues are not especially complex, and Coles has not demonstrated that she is unable to investigate the relevant facts of her of claims.

Although Coles alleges that she suffers from disabilities, she has not demonstrated that those impairments limit her ability to litigate this case. To the contrary, review of the docket demonstrates that she drafted the original complaint, has corresponded with the Court to update her address[2] and request extensions of deadlines, and has submitted an opposition to defendants' pending motions. (Docket ## 1, 19, 32, 36). Appointment of counsel is thus not warranted on this basis. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding

---

[2] In one of her submissions to the Court, Coles requested assistance with filing a motion to compel. (Docket # 32). By separate letter dated March 28, 2024, Coles has been provided with a copy of the *Pro Se* Litigation Guidelines and information regarding the *Pro Se* Assistance Program.

various "medical and mental health issues"). Finally, Coles's case does not present any special reasons justifying assignment of counsel.

On this record, Coles's request for appointment of counsel **(Docket # 30)** is **DENIED without prejudice**. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

II.     <u>**Motion to Compel**</u>

On February 28, 2024, defendants filed the pending motion to compel seeking a an order requiring plaintiff to provide HIPPA-compliant authorizations permitting defendants to obtain copies of plaintiff's medical records. (Docket # 34). Specifically, defendants request that plaintiff provide the following authorizations:

> 1)  "a properly executed HIPAA-compliant authorization for release (to Defendants' attorney) of any and all records of medical or mental health care or treatment received by [Coles] by any Medical Care Provider from February 10, 2019 to present";
>
> 2)  "a properly executed HIPAA-compliant authorization for release (to Defendants' attorney) of any and all records of medical or mental health care or treatment of [Coles] by Jack O'Connor, NP from February 10, 2021 to present"; and
>
> 3)  "a properly executed HIPAA-compliant authorization for release (to Defendants' attorney) of any and all records of medical or mental health care or treatment of [Coles] by Tonya Girard from February 10, 2021 to present."

(Docket # 34-1 at ¶¶ 7-9). Defendants note that Coles identified O'Connor and Girard as treating providers in her initial disclosures. (*Id.* at ¶ 6). According to defendants, plaintiff's medical records are relevant to her disability discrimination claims, as well as to her claimed damages, specifically, that she suffered severe emotional damages as a result of defendants' actions. (Docket ## 34 at ¶¶ 4-5; 34-2 at 3-4). Defendants contend that the temporal scope of their

4

request is appropriately limited to three years prior to Coles's date of hire through the present. (Docket # 34-2 at 4-5).

Coles opposes the motion on the grounds that her medical records are not relevant to her claims because defendants "have already regarded [p]laintiff as disabled." (Docket # 36 at 41, ¶ 3). In addition, she maintains that the request is an "unnecessary intrusion" into her privacy and is unduly burdensome. (*Id.* at 41, ¶¶ 3-5). Coles has already produced some redacted medical records in connection with her initial disclosures and argues that any additional relevant information may be obtained through witness testimony or other "documentary evidence." (Docket ## 36 at 7, ¶ 5; 42 at ¶ 6).

"Federal common law recognizes 'a privilege protecting confidential communications between a psychotherapist and her patient.'" *Powers v. Colonial Toyota, Inc.*, 2019 WL 13291994, *5 (D. Conn. 2019) (quoting *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996)). Moreover, although there is no general physician-patient privilege under federal law, Coles does maintain a privacy interest in her medical records. *See Fresh Air for Eastside, Inc. v. Waste Mgmt. of N.Y., LLC*, 2023 WL 6121169, *7 (W.D.N.Y. 2023) ("[a] bar against discoverability of ordinary physician-patient records does not exist"); *Manessis v. N.Y.C. Dep't of Transp.,* 2002 WL 31115032, *2 (S.D.N.Y. 2002) (citing *Olszewski v. Bloomberg L.P.,* 2000 WL 1843236, *2 (S.D.N.Y. 2000)) (recognizing "a privacy interest in keeping one's medical and mental health records confidential"); *Gill v. DeFrank,* 2000 WL 270854, *12 (S.D.N.Y.) (recognizing that plaintiff has a right to privacy in his medical records), *modified on other grounds*, 2000 WL 897152 (S.D.N.Y. 2000). Nevertheless, such privileges and interests are waived when "a litigant puts [her] physical or mental condition into issue in the litigation." *Manessis v. N.Y.C. Dep't of Transp.*, 2002 WL 31115032 at *2; *see Powers v. Colonial Toyota, Inc.*, 2019 WL 13291994 at

5

\*5 ("[w]aiver occurs when a plaintiff puts his or her mental condition at issue in the case") (quotations omitted).

In this case, Coles claims that defendants discriminated against her based upon her medical impairments, including autism and attention deficit hyperactivity disorder. (Docket # 25 at ¶ 16). In addition, plaintiff alleges that she was excused from work on May 12, 2022, pursuant to a letter from her physician advising that plaintiff was attending a mental health recovery program. (*Id.* at ¶ 91). In addition, the damages that Coles seeks in this litigation include compensation for "severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering." (*Id.* at ¶ 98).

I find that Coles has placed her medical health and medical history at issue in this case, entitling defendants to discovery of her medical treatment records both before and after her employment. *See Cordero v. United States*, 2021 WL 568079, \*2 (S.D.N.Y. 2021) (rejecting argument that medical releases are objectionable solely because they seek medical records predating the automobile accident and finding that defendant is entitled to three years of medical records); *Morales v. Pepsi Co. Inc.*, 2018 WL 3853390, \*4 (W.D.N.Y. 2018) ("[t]o the extent [plaintiff] seeks damages for non-garden variety emotional distress, I agree with defendant that any medical records reflecting mental health treatment provided to [plaintiff] to address such distress would be relevant and discoverable"); *Cherkaoui v. City of Quincy*, 2015 WL 4504937, \*2 (D. Mass. 2015) ("plaintiff advances four causes of action explicitly alleging discrimination on the basis of her alleged mental health related disability[, and] [s]he . . . alleges that she suffered 'severe emotional distress' as a result of the discrimination[;] . . . [o]n these facts, there is no question that the plaintiff has based a significant part of her case on her mental health and

she therefore has unequivocally and unambiguously placed her mental health at issue"); *Melendez v. Falls*, 2010 WL 811337, *2 (W.D.N.Y. 2010) (defendants entitled to inspect records – from a reasonable period before and after the alleged injuries – "that reveal medical conditions or injuries . . . that could have contributed to or aggravated the injuries [plaintiff] claims resulted from th[e] incident"); *Julicher v. Town of Tonawanda*, 2008 WL 4415226, *4 (W.D.N.Y. 2008) (ordering authorizations for release of medical and mental health records from two years prior to relevant event).

Because Coles alleges that defendants discriminated against her on the basis of her disability, she must provide defendants with an authorization to obtain her relevant medical treatment records; in this case, those records are medical records from any provider who treated her for any of the disabilities alleged in her complaint at any time during the period of three years prior to her hiring and continuing to the present.  In addition, because Coles claims that she suffered severe emotional distress as a result of defendants' actions, defendants are permitted to obtain her mental health treatment records for a period of three years prior to her hiring and continuing to the present.  The scope of production includes records predating Coles's hiring because "a defendant is entitled to learn whether the emotional distress suffered by a plaintiff was caused by something other than [d]efendant's conduct." *Powers*, 2019 WL 13291994 at *6 (internal quotations omitted); *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 129 (D. Conn. 2008) ("[d]efense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related").

On this record, defendants' motion to compel **(Docket # 34)** is **GRANTED**.  On or before **April 11, 2024**, Coles must provide defendants with a list of every medical treatment

7

provider who has provided her treatment for any of the disabilities alleged in the complaint or who has provided her with mental health treatment between 2019 and the present. On or before, **April 18, 2024**, defendants must provide Coles with HIPAA-compliant authorizations for the release of Coles's medical records for each of the providers identified by Coles. On or before, **April 30, 2024**, Coles must execute and return the authorizations to the defendants.

### III.  Motion to Extend the Scheduling Order

Defendants also request an extension of the Court's scheduling order in order to obtain Coles's medical records prior to conducting her deposition. (Docket ## 34-2 at 5-7; 37). Coles opposes the request, contending that defendants have not diligently pursued the requested discovery.

The current scheduling order was issued on July 11, 2023, following the Rule 16 conference. (Docket # 10). Since that time, the parties have engaged in written discovery, and *pro bono* counsel was appointed for the limited purpose of amending the complaint, which was filed on January 22, 2024, and assisting Coles with mediation, which was completed on January 31, 2024. (Docket ## 24, 25, 28). Within a month following the mediation and more than a month prior to the close of fact discovery, defendants filed the pending motion. (Docket ## 10, 34). I find that good cause exists to extend the scheduling order in order to permit defendants to obtain the relevant medical records prior to conducting Coles's deposition. Accordingly, defendants' motion for an extension of the scheduling order **(Docket ## 34, 37) is GRANTED**. The Court will issue an amended schedule by separate order.

**CONCLUSION**

For the reasons discussed above, Coles's motion for appointment of counsel **(Docket # 30) is DENIED without prejudice**, and defendants' motions to compel and for an extension of the scheduling order **(Docket ## 34, 37)** are **GRANTED**.  The Clerk of the Court is directed to amend the caption to reflect the parties identified in the Amended Complaint. (Docket # 25).  On or before **April 11, 2024**, Coles must provide defendants with a list of every medical treatment provider who has provided her treatment for any of the disabilities alleged in the complaint or who has provided her with mental health treatment between 2019 and the present.  On or before, **April 18, 2024**, defendants must provide Coles with HIPAA-compliant authorizations for the release of Coles's medical records for each of the providers identified by Coles.  On or before, **April 30, 2024**, Coles must execute and return the authorizations to the defendants.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
        March 28, 2024